## J. L. ROSS v. DR. ADDISON G. BRENIZER.

(Filed 25 May, 1927.)

**Physicians and Surgeons—Negligence—Evidence—Appeal and Error—Harmless Error.**

> Where the plaintiff was a patient of the defendant physician and sues him for damages for malpractice in performing an operation for hernia, basing his right to recover solely on defendant's negligence in stitching up some of the plaintiff's intestines in closing the incision, causing the

necessity of a second operation and serious and permanent injury, testimony of a witness as to the precautions to be observed to prevent a recurrence of the hernia given him in an entirely unrelated operation for hernia on himself, at the same hospital and by a different surgeon, is erroneously admitted, but harmless and without prejudice to the plaintiff, under the facts of this case.

Civil action, before *Oglesby, J.,* at January Term, 1927, of Cabarrus.

Plaintiff instituted an action for damages against the defendant, Dr. Addison G. Brenizer, a physician and surgeon.

The plaintiff alleged, and offered evidence tending to prove, that he was suffering with hernia, and consulted the defendant, who advised him to have an operation, and assured him that it would be "a small operation" and would not require him to remain in the hospital more than about ten days. That on or about 14 February, 1923, the plaintiff went to Charlotte for the purpose of having the operation performed, and that on 15 February the plaintiff was taken to the operating room and an operation performed upon him; that after the operation plaintiff began and continued to suffer severe pain, attended by a swelling, rendering it necessary for him to undergo a second operation. The plaintiff testified that the defendant told him soon after the operation that Dr. Worthington had actually performed the operation "and through misfortune had sewed up one of the plaintiff's intestines in the incision, and that this was what had caused the trouble." The defendant admitted that he was consulted by the plaintiff, and that he and his partner and assistant, Dr. Worthington, had performed the operation upon the plaintiff. The defendant emphatically denied that plaintiff's intestine had been sewed up in the incision, but testified that the stitches in the wound had pulled loose, causing the intestine to push up through the incision. This resulted in an obstruction. Dr. Worthington also emphatically denied that plaintiff's intestine had been sewed up in the line between the peritoneum.

Two issues were submitted to the jury:

1. Was the plaintiff J. L. Ross injured by the negligence or want of skill of defendant, as alleged in the complaint?

2. What damage, if any, is the plaintiff entitled to recover?

The jury answered the first issue "No," and from judgment upon the verdict, plaintiff appealed.

*Palmer & Blackwelder and Hartsell & Hartsell for plaintiff.*
*H. S. Williams and John M. Robinson for defendant.*

Brogden, J. The chief exception appearing in the record is based upon the following question to the plaintiff's witness, Tolbert: "(Q.) You may state after you were operated on and before leaving the hos-

pital, what instructions or warnings were given you as to how you should act, or what you should do in order to prevent a recurrence of the trouble." The witness replied that he had been operated on for hernia by Dr. Gibbon, and that he had been instructed by his surgeon not to get up on his tiptoes or reach up high or lift anything or stoop low, or do anything of that nature, as it would probably cause a recurrence of the hernia. Plaintiff objected to this testimony, and it was admitted by the court. The testimony, upon its face, is incompetent, and should have been excluded. However, the plaintiff testified that he was basing his entire case upon the statement made to him by Dr. Brenizer, the defendant, that in closing up the wound his intestine had been sewed up in the incision. The exact words of the plaintiff are as follows: "That is what I am basing my case on, the statement Dr. Brenizer made to me. He made that to me after the second operation and before I left the hospital. He said he was sorry I had the misfortune I had; that he let Worthington do the operation; that he was busy at the time; that is what I am basing my case on."

It is apparent, therefore, that the plaintiff made no contention that the defendant was negligent in failing to give him proper instructions as to how he should care for himself in order to prevent a recurrence of the hernia. Hence, the testimony objected to had no bearing upon the cause of action, as alleged by the plaintiff. Moreover, the admission of the testimony was in plaintiff's favor, and against the defendant, for the reason that under the circumstances of the case it might have been contended that the defendant was negligent by reason of his failure to give plaintiff proper instructions. So that, upon the setting of the case, and upon the entire record, we are of the opinion that the error complained of did not prejudice plaintiff's cause, and is not of sufficient weight to warrant a new trial.

Affirmed.